IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3040 |
| | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the court's own motion pursuant to Fed. R. Civ. P. 12(h)(3), which states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The plaintiff, who is represented by counsel, paid the filing fee to commence a civil action in this court, but he filed only a "Notice of Intent to Appeal" (filing no. 1). In filing no. 1, the plaintiff states his intent to appeal to this court from a final judgment entered by the Nebraska Supreme Court in Case No. A-04-4014, a case litigated in the state courts of Nebraska.

However, a federal district court does not possess authority to review or alter final judgments of a state judicial proceeding. Appellate jurisdiction over state court decisions, even when the challenge to the state court's action involves federal constitutional issues, lies exclusively in the United States Supreme Court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges

1

allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. Therefore, insofar as the plaintiff is seeking in this case to challenge or change the outcome of proceedings in the state courts, the "Rooker-Feldman doctrine" bars this court from correcting a state court judgment, and no relief is available in this court to do so.

From the limited information provided by the plaintiff, the court cannot determine whether the plaintiff has any independent claims which survive the state-court judgment. The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517, 1521-22 (2005).

> Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch. 11, 1 Stat. 122, requires the federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." .... Preclusion, of course, is not a jurisdictional matter. See Fed. Rule Civ. Proc. 8(c) (listing res judicata as an affirmative defense). In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court.

> Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.   If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." ....

2

Id. at 1526-27 (citations omitted).

Nevertheless, under no circumstances can this court act as an appellate court to review a decision rendered by the Nebraska Supreme Court.  Therefore, the plaintiff shall have until May 10, 2006 to show cause in writing why the above-entitled case should not be dismissed without prejudice.  In the absence of a timely and sufficient response to this Order to Show Cause, the plaintiff's "Notice of Intent to Appeal" and this action may be subject, without further notice, to dismissal without prejudice.

SO ORDERED.

DATED this 10th day of April, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

3