IN THE UNITED STATES DISTRICT COURT
1FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3040 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, HAROLD W. CLARKE, ROBERT P. HOUSTON, MICHAEL L. KENNEY, RICHARD D. CRUICKSHANK, MARIO PEART, RANDY CROSBY, CALVIN HAYWOOD, JOHN CASEBOLT, and RANDY T. KOHL, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on defendants' motion for summary judgment, Filing No. 37, pursuant to Fed. R. Civ. P. 56.  Plaintiff filed his amended complaint against the defendants, Filing Nos. 4 and 7, pursuant to 42 U.S.C. §§ 1983 and 1985, seeking monetary, injunctive and declaratory relief, alleging (1) that placement of him in disciplinary isolation, and (2) deliberate indifference to his medical needs violated his constitutional rights pursuant to Fifth, Fourteenth and Eighth Amendments to the United States Constitution. The only remaining issue before the court is the claim of deliberate indifference under the Eighth Amendment.

Plaintiff Johnston is an inmate at the Tecumseh State Correctional Institution under the auspices of the Nebraska Department of Corrections.  At all times complained of he resided in the Nebraska State Penitentiary in Lincoln, Nebraska.  On April 24, 2004, a misconduct report was filed against the plaintiff.  An unknown confidential informant,

apparently later deemed unreliable, stated that plaintiff assaulted another inmate. Plaintiff received immediate segregation and was sent to the control unit. According to plaintiff, these allegations later turned out to be false. While incarcerated, plaintiff experienced severe back pain which ultimately required surgery. Plaintiff contends that the defendants were indifferent to his medical needs.

### Jurisdiction

Plaintiff filed an action in Nebraska State Court challenging his classification in the Nebraska correctional system. After having his case dismissed, he appealed to the Nebraska Supreme Court. The Nebraska Supreme Court likewise dismissed that case. *Johnston v. Nebraska Dept. of Correctional Serv.*, 709 N.W.2d 321 (Neb. 2006). Plaintiff then filed a notice of appeal with this court, appealing the decision of the Nebraska Supreme Court. This court reviewed the notice and determined a show cause order should issue and plaintiff should provide the court with facts that would establish jurisdiction. Plaintiff then filed an amended complaint alleging § 1983 violations, in particular allegations of deliberate indifference to his medical needs in violation of the Eighth Amendment. Defendant argues that the Rooker-Feldman doctrine bars this action, as plaintiff is still attempting to correct a state court judgment. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

In opposition plaintiff argues that the Nebraska Supreme Court stated: ". . . to the extent that Johnston seeks a determination that the conditions of his administrative confinement violated his constitutional rights, he has other judicial remedies in which issues can be reached without regard to whether he remains on administrative confinement status." *Johnston*, 709 N.W.2d at 325. The court referred him to *Freeman v. Clarke*, 2005

WL 1875482 (D. Neb. 2005), which involved a challenge to conditions of confinement. *Id.* Plaintiff contends the Rooker-Feldman doctrine is not applicable in this case, as it is not intertwined with the Nebraska Supreme Court case. According to the plaintiff, the Nebraska Supreme Court refused to reach a decision on the merits, finding that the appeal was moot.

The court has carefully reviewed the record, the Nebraska Supreme Court case, and the relevant case law. The court concludes that Rooker-Feldman does not apply in this case. The Nebraska Supreme Court did not decide the merits of plaintiff's claims. Further, the claim before this court involves alleged violations of § 1983 involving cruel and unusual punishment claims relating to plaintiff's claim of deliberate indifference to his medical needs. Accordingly, the court finds it has jurisdiction over this case.

**Cruel and Unusual Punishment Claim**

The government next argues that plaintiff has failed to state a cause of action for cruel and unusual punishment. The Eighth Amendment prohibits prison officials' cruel and unusual punishment of inmates, and it has been interpreted as obligating prison officials to provide medical care to inmates in their custody. *Plemmons v. Roberts,* 439 F.3d 818, 823 (8th Cir. 2006). An inmate's "right to medical care is violated if prison officials' conduct amounts to 'deliberate indifference to [the prisoner's] serious medical needs.'" *Id.* (brackets in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Thus, plaintiff's burden on his federal claim of deliberate indifference to serious medical needs is to demonstrate: (1) that he suffered objectively serious medical needs; and (2) that the prison officials actually knew of but deliberately disregarded those needs. *Williams v. Kelso,* 201 F.3d 1060, 1064 (8th Cir. 2000).

3

To constitute an objectively serious medical need or a deprivation of that need, the need or the deprivation alleged must be either obvious to the layperson or supported by medical evidence, like a physician's diagnosis. *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995) (finding no objectively serious medical need not to be temporarily confined in small shower stall without a showing that it exacerbated breathing ailments); *Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir.1994) (finding no serious medical need in unsupported self-diagnosis of kidney stones by inmate); *Johnson v. Busby,* 953 F.2d 349, 351 (8th Cir.1991) (noting a defendant "could not act with deliberate indifference to medical problems that were not obvious or diagnosed"); *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (risk of suicide not deliberately indifferent to a serious medical need); *Tlamka v. Serrell,* 244 F.3d 628, 632-33 (8th Cir. 2001) (unreasonable delay in obtaining CPR for heart attack victim is a serious medical need).

A showing of deliberate indifference by prison officials requires a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The deliberate indifference standard in prison medical needs cases is likened to a criminal recklessness standard, which traditionally has contained a subjective component. *Gregoire v. Class,* 236 F.3d 413, 417 (8th Cir. 2000). Under that standard, an official is deliberately indifferent (reckless) if he disregards a known risk to a prisoner's health. *Id.* To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk; a plaintiff must establish that the official in question did in fact know of the risk. *Id.* This knowledge is subject to proof by inferences based on the obviousness of the risk. *Id.* This state of mind required is more blameworthy than negligence—and mere careless diagnosis or treatment of a known serious medical need of prisoners is insufficient. *Williams*, 201 F.3d at 1065.

Moreover, inadvertent failure to provide medical care is not sufficient to establish liability and mere discomfort and inconvenience do not implicate the Constitution. *Beck v. Skon*, 253 F.3d 330, 334 (8th Cir. 2001). An error or oversight, or failure to follow medical instructions can be determined to amount to only negligence, and thus not to amount to deliberate indifference, as a matter of law. *Williams*, 201 F.3d at 1065.

Plaintiff argues that he received back surgery, was then relegated to solitary confinement where he had a concrete bed with a thin mattress to sleep on, that he received only five hours of exercise a week, that he was not permitted to have a chair in his cell, and that he received little or no treatment to assist him in the healing process. He contends that he complained to the prison officials and medical staff on numerous occasions and his requests for assistance were ignored. He argues that such indifference caused his back to deteriorate, causing him extreme pain and ultimately additional surgery.

The court has reviewed the record and finds that there is no evidence of deliberate indifference to the plaintiff's medical needs. He received multiple treatments from medical professionals both before and after his surgery, received physical therapy, pain medication, microdisectomy surgery, and was hospitalized for over two weeks. Even after his surgery, the record shows a number of occasions where he received medical treatment. *See* Filing Nos. 39-44. Plaintiff believes he should have received a chair while in administrative confinement. His doctors disagreed and there is no medical evidence that a chair would have assisted with plaintiff's rehabilitation. Plaintiff argues his mattress was not appropriate. However, the evidence shows plaintiff refused a new mattress. Filing No. 43, Ex. 38. The evidence further shows that plaintiff received instructions on appropriate exercises, received medicine for his pain, and received continued treatment. Although plaintiff ultimately needed

5

additional surgery, the court finds the allegations of deliberate indifference are without merit in this case. Accordingly, the motion for summary judgment will be granted.[1]

THEREFORE, IT IS ORDERED THAT defendants' motion for summary judgment, Filing No. 37, is granted and this case is dismissed. A separate judgment will be entered in conjunction with this memorandum and order.

DATED this 19th day of November, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[1] Because the court grants summary judgment on this issue, it need not decide the remaining issues raised by the parties.